UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TRANSCARE CORPORATION, *et al*.,<br><br>                              Debtors.<br><br>---<br><br>SALVATORE LAMONICA, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation*, et al*.,<br>                              Plaintiffs,<br>v.<br><br>LYNN TILTON, *et al*.,<br>                              Defendants. | 1:25-cv-01691-PAE<br><br>Hon. Paul A. Engelmayer<br><br>Bankr. Case No. 16-10407-DSJ<br><br>Adv. Proc. No. 18-AP-01021-DSJ |

**MOTION OF PATRIARCH PARTNERS AGENCY SERVICES LLC
FOR CERTIFICATION OF DIRECT APPEAL TO THE UNITED STATES
COURT OF APPEALS FOR THE SECOND CIRCUIT UNDER 28 U.S.C. § 158(d)(2)**

Dated: April 4, 2025

Ronit Berkovich
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Mark A. Perry*
Christopher Conrad*
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, D.C. 20036
Telephone: (202) 682-7248
Facsimile: (202) 857-0940

\* *Admission Applications Pending*

*Attorneys for Defendant–Appellant Patriarch Partners Agency Services, LLC*

# TABLE OF CONTENTS

Preliminary Statement and Relief Sought ........................................................................................ 1

Facts Necessary to Understand the Question Presented ................................................................ 3

Question for Certification ............................................................................................................... 6

Reasons Why the Direct Appeal Should Be Allowed ..................................................................... 6

Conclusion ...................................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*5200 Enters. Ltd. v. City of New York*,
  2020 WL 10054400 (M.D. Fla. July 16, 2020) ........................................................................8

*In re Arabella Petroleum Co.*,
  647 B.R. 851 (Bankr. W.D. Tex. 2022) ...................................................................................7

*In re Belmonte*,
  931 F.3d 147 (2d Cir. 2019)......................................................................................................4

*In re Dreier LLP*,
  462 B.R. 474 (Bankr. S.D.N.Y. 2011) ......................................................................................2

*In re FirstEnergy Solutions Corp.*,
  No. 18-50757 (AMK) (Bankr. N.D. Ohio Nov. 27, 2019), ECF No. 3458 ..............................6

*In re Gravel*,
  2019 WL 3783317 (Bankr. D. Vt. Aug. 12, 2019) ...................................................................6

*Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair Inc.*,
  419 B.R. 749 (M.D. Tenn. 2009) ..............................................................................................7

*In re IMMC Corp.*,
  2016 WL 356026 (D. Del. Jan. 28, 2016).................................................................................6

*In re Kassas*,
  2021 WL 2446270 (Bankr. C.D. Cal. June 15, 2021) ..............................................................6

*Kelco Disposal, Inc. v. Browning-Ferris Indus. of Vt., Inc.*,
  845 F.2d 404 (2d Cir. 1988)......................................................................................................7

*In re Martin*,
  2011 WL 6130422 (Bankr. E.D. Tenn. Dec. 8, 2011)..............................................................7

*In re Provident Royalties, LLC*,
  581 B.R. 185 (Bankr. N.D. Tex. 2017).................................................................................2, 7

*In re Prudential of Fla. Leasing, Inc.*,
  478 F.3d 1291 (11th Cir. 2007) ................................................................................................7

*In re Strasser*,
  303 B.R. 841 (Bankr. D. Ariz. 2004)........................................................................................7

*In re SVB Financial Grp.*,
  2024 WL 4345730 (S.D.N.Y. Sept. 30, 2024)..........................................................................6

*In re TransCare Corp.*,
    2020 WL 8021060 (Bankr. S.D.N.Y. July 6, 2020) ............................................................... 3

*In re TransCare Corp.*,
    2021 WL 4459733 (S.D.N.Y. Sept. 29, 2021) ....................................................................... 4

*In re TransCare Corp.*,
    592 B.R. 272 (Bankr. S.D.N.Y. 2018) .................................................................................. 3

*In re TransCare Corp.*,
    602 B.R. 234 (Bankr. S.D.N.Y. 2019) .................................................................................. 3

*In re TransCare Corp.*,
    81 F.4th 37 (2d Cir. 2023) ............................................................................................ 1, 3, 4

*In re TransCare Corp.*,
    No. 1:20-cv-06523 (S.D.N.Y.) ............................................................................................ 4, 5

*In re Tribune Media Co.*,
    2016 WL 1451161 (D. Del. Apr. 12, 2016) ........................................................................... 6

*United States v. Goebel*,
    2024 WL 3718660 (E.D.N.Y. Aug. 8, 2024) ......................................................................... 6

**Statutes**

11 U.S.C. § 544 ................................................................................................................................ 3, 7

11 U.S.C. § 548 ..................................................................................................................................... 3

11 U.S.C. § 550 ............................................................................................................................ *passim*

28 U.S.C. § 158 ............................................................................................................................ *passim*

New York's Debtor and Creditor Law § 276 ................................................................................. 2, 4, 7

New York's Debtor and Creditor Law § 276-a ............................................................................ *passim*

**Rules**

Federal Rule of Bankruptcy Procedure 8006 ................................................................................... 1, 8

**Non-periodical Publications**

1 Collier on Bankruptcy ¶ 5.06 (16th ed. 2025). ............................................................................... 6, 7

16 Charles A. Wright & Arthur R. Miller § 3926.1 (3d ed. updated June 2024) ............................... 6, 7

Defendant–Appellant Patriarch Partners Agency Services, LLC ("PPAS") respectfully seeks certification of a direct appeal to the U.S. Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 158(d)(2) and Federal Rule of Bankruptcy Procedure 8006.

## PRELIMINARY STATEMENT AND RELIEF SOUGHT

Applying 11 U.S.C. § 550(d)'s single-satisfaction rule, the Second Circuit gave the chapter 7 Trustee in this case two options to recover for the same fraudulent transfer. First, he could collect $51.8 million from Lynn Tilton for breaching her fiduciary duties to the debtor, TransCare Corporation ("TransCare"), under Delaware law. Second, he could elect to recover a lesser judgment from TransCare's administrative agent, PPAS, including an unliquidated fees award under section 276-a of New York's Debtor and Creditor Law ("DCL"). The Trustee had to choose between these alternative recoveries because section 550(d) of the Bankruptcy Code "limited [him] to only a single satisfaction." *In re TransCare Corp.*, 81 F.4th 37, 48 (2d Cir. 2023).

After the Second Circuit issued its mandate, the Trustee chose to proceed against Ms. Tilton, who paid her $51.8 million judgment in full. But in violation of § 550(d)'s single-satisfaction rule and the Second Circuit's mandate, the Trustee subsequently sought attorneys' fees from PPAS, even though the sum total of PPAS's ultimate liability—including the fees—was millions less than the $51.8 million satisfaction he had already received from Ms. Tilton:

|  | Ms. Tilton | PPAS |
|---|---|---|
| Judgment Principal [Paid by Ms. Tilton] | $38,200,000 | $39,200,000 |
| Pre-Judgment Interest [Paid by Ms. Tilton] | $13,324,997 | $6,025,523 |
| Post-Judgment Interest [Paid by Ms. Tilton] | $269,850 | $229,386 |
| Attorneys' Fees and Costs | $0 | **$2,765,358** |
| Maximum Liability and Satisfaction under 11 U.S.C. § 550 | **$51,794,847**  > | **$48,220,267** |

PPAS opposed the Trustee's fee request because, among other things, it was barred by § 550(d)'s single-satisfaction principle. *See In re TransCare Corp.*, Adv. Proc. No. 18-01021 (DSJ) (July 15, 2024), ECF No. 178 ("PPAS Objection"), at 5–9.

The Bankruptcy Court—citing a lack of precedent—declined to enforce § 550(d)'s command and instead authorized a $54.5 million total recovery that combined judgment components from both defendants to preserve the "purpose and effect of the interest-award components of civil judgments." *In re TransCare Corp.*, Adv. Proc. No. 18-01021 (DSJ) (Feb. 5, 2025), ECF No. 190 ("Decision Partly Granting Trustee's Motion to Approve Attorneys' Fees" or "Decision"), at 9. Yet, there is no "interest-award component" exception to § 550(d), which operates on a "transfer-by-transfer basis" and powerfully caps the Trustee's total recovery at the value of the avoided transfer, regardless of the nature of the underlying claims asserted. *In re Provident Royalties, LLC*, 581 B.R. 185, 195 (Bankr. N.D. Tex. 2017) ("The purpose of section 550 is to restore the estate to the financial condition it would have been in if the avoided transfers had not occurred, and the specific purpose of section 550(d) is to act as a restrictor plate on the roaring engine of recovery . . . ."). By its plain terms and well-accepted operation, the single-satisfaction rule should have precluded the Trustee's recovery of his DCL § 276-a fees award—which "is derivative of an actual fraudulent transfer claim under DCL § 276" and "stands or falls with the disposition of that claim." *In re Dreier LLP*, 462 B.R. 474, 494 (Bankr. S.D.N.Y. 2011) (cleaned up). The Bankruptcy Court ignored these statutory precepts and granted a windfall recovery, making the Trustee *more than* whole.

Because the Bankruptcy Court premised its ruling on a lack of controlling precedent, this Court "shall" certify PPAS's legal challenge to that ruling for direct appeal pursuant to 28 U.S.C. § 158(d)(2). Certification will afford the Second Circuit the opportunity to resolve a purely legal question concerning the scope of § 550(d)'s single-satisfaction rule, finally disposing of the sole remaining issue in this long-running litigation.

2

## FACTS NECESSARY TO UNDERSTAND THE QUESTION PRESENTED

TransCare provided ambulance services for emergency and non-emergency patients to hospitals and municipalities throughout the mid-Atlantic region. *In re TransCare Corp.*, 2020 WL 8021060, at *2 (Bankr. S.D.N.Y. July 6, 2020). Ms. Tilton was the indirect majority owner of TransCare. *Id.* PPAS acted as an administrative agent on behalf of several lenders to TransCare. *In re TransCare Corp.*, 81 F.4th at 44.

As TransCare's finances deteriorated in February 2016, Ms. Tilton directed PPAS to foreclose on certain of TransCare's assets (the "Subject Collateral"). *In re TransCare Corp.*, 2020 WL 8021060, at *9, *12. PPAS accepted the Subject Collateral "in satisfaction of $10 million (of approximately $43 million) outstanding under [a] Term Loan" PPAS had issued to TransCare. *Id.* at *12. TransCare thereafter filed chapter 7 petitions. *Id.* at *13–15. The Trustee was appointed on February 25, 2016. *Id.* at *13. The entire business failed soon after. *Id.* at *13–15.

On February 22, 2018, the Trustee commenced an adversary proceeding against, among others, Ms. Tilton and PPAS. *In re TransCare Corp.*, Adv. Proc. No. 18-01021 (SMB) (Bankr. S.D.N.Y. Feb. 22, 2018), ECF No. 1. His original complaint asserted nine claims. *Id.* at ¶¶ 97–138. Six were dismissed in part or in full. *See generally In re TransCare Corp.*, 592 B.R. 272 (Bankr. S.D.N.Y. 2018). A fourteen-count amended complaint followed. *See In re TransCare Corp.*, 602 B.R. 234, 242 (Bankr. S.D.N.Y. 2019). Two of those counts were dismissed. *Id.* at 237, 246–48. The Bankruptcy Court then tried the remaining counts during a six-day bench trial in July and August of 2019. *In re Transcare Corp.*, 2020 WL 8021060, at *16. A year later, the court issued its post-trial findings of fact and conclusions of law. *See id.* at *17–33. On Count 1 ("Breach of Fiduciary Duty Against Tilton"), the court recommended a $41.8 million judgment against Ms. Tilton for breaching her fiduciary duties to TransCare under Delaware law. *Id.* at *29. On Count 7 ("Fraudulent Transfer Against PPAS"), the court found that TransCare had transferred

the Subject Collateral to PPAS with the intent to hinder or delay TransCare's creditors. *Id.* at *31. It avoided the transaction under sections 548 and 550(a) of the Bankruptcy Code and DCL § 276, a state avoidance action made available to the Trustee by section 544 of the Bankruptcy Code. *Id.* at *29–32. It entered a $39.2 million judgment against PPAS, along with a derivative, unliquidated attorneys' fees award under DCL § 276-a. *Id.* at *31–33.

PPAS and Ms. Tilton appealed. This Court issued a consolidated decision in September 2021 affirming the Bankruptcy Court's fraudulent transfer ruling as to PPAS and adopting its recommendation as to Ms. Tilton with a slight downward adjustment to her damages. *See In re TransCare Corp.*, 2021 WL 4459733, at *20 (S.D.N.Y. Sept. 29, 2021). Like the Bankruptcy Court, this Court recognized that "the trustee is entitled only to a *single satisfaction*" on his claims against both defendants. *Id.* (emphasis added); *see also In re TransCare Corp.*, No. 1:20-cv-06523 (LAK) (S.D.N.Y. Oct. 6, 2021), ECF No. 11 at 2 ("[T]he Trustee shall be entitled only to a *single satisfaction* on his respective judgments." (emphasis added)).

Thereafter, the Trustee successfully sought prejudgment interest from Ms. Tilton under Delaware law, increasing her total liability to $51.5 million. *See In re TransCare Corp.*, No. 1:20-cv-06523 (LAK) (S.D.N.Y. Dec. 22, 2021), ECF No. 23 at 2. That amount grew to $51.8 million on account of post-judgment interest. Meanwhile, the Trustee's judgment against PPAS topped out at approximately $45.5 million.

Both PPAS and Ms. Tilton appealed to the Second Circuit, which affirmed this Court's liability findings and damages calculations. Once again, the Second Circuit observed that the Trustee's myriad claims against PPAS and Ms. Tilton gave rise to "parallel damages" subject to the single-satisfaction principle. *In re TransCare Corp.*, 81 F.4th at 48; *see also id.* at 58 (citing *In re Belmonte*, 931 F.3d 147, 154 (2d Cir. 2019) (observing that § 550 "authorizes the Trustee to

4

pursue recovery from all available sources until the full amount of unlawfully transferred Estate property is fully realized for the Estate's creditors.")).

As soon as the Second Circuit's mandate issued, the Trustee elected to proceed against the surety that had issued the supersedeas bond securing the judgment against Ms. Tilton pending resolution of the appeal. This Court granted the motion and the surety paid 100% of the amount requested by the Trustee—approximately $51.8 million in total. The Trustee filed a satisfaction of judgment as to Ms. Tilton. *In re TransCare Corp.*, No. 1:20-cv-06523 (LAK) (S.D.N.Y. Dec. 7, 2023), ECF No. 44.[1]

Despite having received complete satisfaction from Ms. Tilton, the Trustee filed a motion to recover attorneys' fees from PPAS under DCL § 276-a. *In re TransCare Corp.*, Adv. Proc. No. 18-01021 (DSJ) (Feb. 7, 2024), ECF No. 169. PPAS opposed the fee request on the principal ground that it was barred by the single-satisfaction rule. PPAS Objection at 5–9. The Trustee's only response was that application of this statutory rule "would defeat the purpose of prejudgment interest and § 550." *In re TransCare Corp.*, Adv. Proc. No. 18-01021 (DSJ) (Oct. 21, 2024), ECF No. 184 ("Trustee's Reply"), at 1.

The Bankruptcy Court—recognizing that there was "no dispute" over the relevant facts, Decision at 9—sided with the Trustee. The court acknowledged that "[t]he amount the Trustee collected from [Ms.] Tilton exceeds the total possible recovery from PPAS even including the full fee award that the Trustee [sought]." *Id.* at 9. Nevertheless, expressly relying on the lack of controlling precedent, the Bankruptcy Court authorized the Trustee to recover fees from PPAS without regard to § 550(d)'s single-satisfaction rule. *Id.* at 9–11. PPAS appealed; this Court has

---

[1] The satisfaction of judgment filed with the District Court omits post-judgment interest paid by Ms. Tilton in the amount of $269,849.81. Her total payment equaled $51,794,847.07.

5

jurisdiction over PPAS's appeal pursuant to 28 U.S.C. § 158(a). PPAS now moves to certify its challenge to the Bankruptcy Court's single-satisfaction ruling for direct appeal to the Second Circuit. *See id*. § 158(d)(2).

## QUESTION FOR CERTIFICATION

Whether, as a matter of law, the Bankruptcy Code's single-satisfaction rule (11 U.S.C. § 550(d)) precludes a chapter 7 Trustee from recovering attorneys' fees on a fraudulent transfer award against one defendant (PPAS) when the Trustee has already recovered a complete satisfaction for the same avoided transfer from a second defendant (Ms. Tilton) that undisputedly exceeds the total award (including fees) against the first defendant (PPAS).

## REASONS WHY THE DIRECT APPEAL SHOULD BE ALLOWED

28 U.S.C. § 158(d)(2)(i) provides that a district court "shall" certify a direct appeal of a bankruptcy court's final order to the "appropriate court of appeals" if "the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States." *Id.* In bankruptcy cases that present "unsettled questions of law," *In re SVB Financial Grp.*, 2024 WL 4345730, at *1 (S.D.N.Y. Sept. 30, 2024), certification is mandatory, 1 Collier on Bankruptcy ¶ 5.06[3][b] & n.19 (16th ed. 2025). This owes to 28 U.S.C. § 158(d)(2)'s use of "shall," which "cabin[s]" the "seeming discretion of the lower court." 16 Charles A. Wright & Arthur R. Miller § 3926.1 (3d ed. updated June 2024). The obligatory nature of section 158(d)(2)'s certification process is well-established. *See, e.g.*, *United States v. Goebel*, 2024 WL 3718660, at *2 (E.D.N.Y. Aug. 8, 2024); *In re Kassas*, 2021 WL 2446270, at *2 (Bankr. C.D. Cal. June 15, 2021); *In re FirstEnergy Solutions Corp.*, No. 18-50757 (AMK) (Bankr. N.D. Ohio Nov. 27, 2019), ECF No. 3458, at 4; *In re Gravel*, 2019 WL 3783317, at *7–8 (Bankr. D. Vt. Aug. 12, 2019); *In re Tribune Media Co.*, 2016 WL 1451161, at *3 (D. Del. Apr. 12, 2016); *In re IMMC Corp.*, 2016 WL 356026, at *6 (D. Del. Jan. 28, 2016).

6

In rejecting PPAS's single-satisfaction argument, the Bankruptcy Court pointed to the lack of "any case where the recovery of statutory interest from another judgment obligor meant that a separate fee award against a different party became unenforceable by operation of the single-satisfaction provision" in § 550. Decision at 11. PPAS alerted the Bankruptcy Court to applicable *non-bankruptcy* precedent, *see Kelco Disposal, Inc. v. Browning-Ferris Indus. of Vt., Inc.*, 845 F.2d 404, 410–11 (2d Cir. 1988), but acknowledged that neither party had marshaled controlling authority applying 11 U.S.C. § 550(d), *see* Decision at 11. The Trustee, for his part, described the single-satisfaction issue raised by PPAS as "novel." Trustee's Reply at 3, ¶ 2. All agree, then, that a precedential gap exists, such that direct certification is warranted under 28 U.S.C. § 158(d)(2)(i). *See* 1 Collier on Bankruptcy ¶ 5.06[3]; 16 Charles A. Wright & Arthur R. Miller § 3926.1.

To be sure, ample *persuasive* authority supports PPAS's position. Bankruptcy courts have noted, for example, that § 550(d)'s single-satisfaction rule "expressly places controls on § 544 state law avoidance actions" like the Trustee's claims under DCL §§ 276 and 276-a. *In re Strasser*, 303 B.R. 841, 848 (Bankr. D. Ariz. 2004) (internal citations omitted); *see also In re Martin*, 2011 WL 6130422, at *11–12 (Bankr. E.D. Tenn. Dec. 8, 2011) (similar) (citing *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair Inc.*, 419 B.R. 749, 760 (M.D. Tenn. 2009)). There also is widespread recognition that the single-satisfaction rule applies on a "transfer-by-transfer" basis. *In re Provident Royalties, LLC*, 581 B.R. at 195 (citing *In re Prudential of Fla. Leasing, Inc.*, 478 F.3d 1291, 1302 (11th Cir. 2007)); *In re Arabella Petroleum Co.*, 647 B.R. 851, 880 (Bankr. W.D. Tex. 2022) (same). Accordingly, distinct claims that arise out of the same avoided transfer may not "interfere with each other or [] affect the application of the single satisfaction rule." *In re Provident Royalties, LLC*, 581 B.R. at 195.

Yet, because neither the Second Circuit nor the Supreme Court has addressed the issue squarely, there is no "controlling" decision for purposes of 28 U.S.C. § 158(d)(2). *See, e.g.*, *5200 Enters. Ltd. v. City of New York*, 2020 WL 10054400, at *3 (M.D. Fla. July 16, 2020) (certifying a request for direct appeal despite the existence of an out-of-circuit, on-point district court decision because such decision was not "controlling"). PPAS will establish in its appeal that the plain language of the Bankruptcy Code as applied by lower courts in analogous contexts requires reversal of the Bankruptcy Court's fee award. The single satisfaction rule authorizes the Trustee to recover only once for all claims tracing to the same fraudulent transfer. The Second Circuit is the appropriate tribunal to resolve this purely legal issue in the first instance.

## CONCLUSION

For the foregoing reasons, PPAS respectfully requests that the Court certify a direct appeal to the U.S. Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 158(d)(2) and Federal Rule of Bankruptcy Procedure 8006.

Dated: April 4, 2025
   New York, New York

Respectfully submitted,

 /s/ Ronit Berkovich
Ronit Berkovich
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Mark A. Perry*
Christopher Conrad*
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, D.C. 20036
Telephone: (202) 682-7248
Facsimile: (202) 857-0940

*Admission Applications Pending*

*Attorneys for Defendant–Appellant Patriarch Partners Agency Services, LLC*