Avery Samet
Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Attorneys for Plaintiff-Appellee

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re:<br>TRANSCARE CORPORATION<br>         Debtor | 25-cv-01691-PAE<br><br>16-bk-10407-DSJ |
|---|---|
| PATRIARCH PARTNERS AGENCY SERVICES, LLC<br>         Appellant<br>v.<br>SALVATORE LAMONICA, as Chapter 7 Trustee<br>         Appellee | 18-ap-01021-DSJ<br><br>Re: ECF #4 ("Motion") |

## RESPONSE IN OPPOSITION TO MOTION FOR CERTIFICATION OF DIRECT APPEAL TO SECOND CIRCUIT

Plaintiff-appellee and judgment creditor Salvatore LaMonica as Chapter 7 Trustee ("Trustee") submits this memorandum of law in opposition to the Motion of defendant-appellant and judgment debtor Patriarch Partners Agency Services, LLC ("PPAS") to certify direct appeal of the Decision Partly Granting Trustee's Motion to Approve Attorney's Fees (18-ap-01021-DSJ ECF #190, 2025 WL 427305, "Decision") and resulting judgment (18-ap-01021-DSJ ECF #191) to the Second Circuit.

PPAS's argument, that direct appeal is warranted because the instant matter presents legal questions as to which there is no controlling decision, under 28 U.S.C. § 158(d)(2)(i), fails.

The primary issue on appeal (ECF #3), that which is the subject of the Motion, is whether the Bankruptcy Court erred in holding 11 U.S.C. § 550(d) did not preclude the Debtor and Creditor

Law ("DCL") § 276-a attorneys' fees award against PPAS, notwithstanding that the amount recovered on the judgment against defendant Lynn Tilton ("Tilton") on the fiduciary duty claim against her inclusive of prejudgment interest, exceeded the amount of the PPAS judgment on the fraudulent conveyance claim against it (which arose from the same injury as the Tilton judgment, 2020 WL 8021060, at *32; 2021 WL 4459733, at *20), inclusive of prejudgment interest, plus DCL § 276-a attorneys' fees awarded.

Stated differently, PPAS challenges the Bankruptcy Court's conclusion that "it cannot be said that the Trustee's recovery to date [from Tilton] has satisfied the separate attorneys' fee award entered solely against PPAS"; that "the single-satisfaction rule does not preclude the Trustee's requested award of reasonable attorneys' fees as against PPAS"; and that "PPAS's position is analytically misguided because it ignores the purpose and effect of the interest-award component of civil judgments." (Decision at 9, 11.)

This issue is addressed by controlling authority. The Second Circuit has held DCL § 276-a obligations are "ancillary" i.e. in addition to underlying fraudulent conveyance liability. *Atlanta Shipping Corp., Inc. v. Chemical Bank*, 818 F.2d 240 (2d Cir. 1987) ("the claim under DCL § 276-a is ancillary to the other DCL claims [so] it stands or falls with their disposition"); Black's Law Dictionary (12th ed.) (defining "ancillary" as "supplementary", and construing "supplementary" in the definition of supplemental disclosure as "additional"). *See also TransCare*, 2020 WL 8021060, at *1 (DCL § 276-a award is "in addition" to the underlying judgment against PPAS). Controlling authority also makes clear full compensation on the Tilton judgment on the fiduciary duty claim includes prejudgment interest. *West Virginia v. U.S.*, 479 U.S. 305, 310 & n.2 (1987) ("Prejudgment interest is an element of complete compensation"; "Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until

2

judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress"); *State of Kansas v. State of Colorado*, 2000 WL 34508307, at *40 (Aug. 31, 2000) (collecting cases) ("there is now ample authority that prejudgment interest is not an added remedy, but simply is part of providing full compensation for the injured party"). If full compensation on the Tilton judgment requires payment of prejudgment interest, and DCL § 276-a obligations are in addition to the fraudulent conveyance judgment against PPAS arising from the same injury, it follows that DCL § 276-a obligations cannot be satisfied with prejudgment interest recovered on the Tilton judgment.

PPAS's argument is based on the false premise that the Bankruptcy Court's determination was based upon an alleged lack of controlling precedent. (Motion at 2, 5, 7.) What the Bankruptcy Court actually found was zero authority to support PPAS's position, that it could pay its DCL § 276-a liability with prejudgment interest the Trustee recovered on the Tilton judgment. (Decision at 11 ("PPAS did not put forward, and the Court did not find, any case where the recovery of statutory interest from another judgment obligor meant that a separate fee award against a different party became unenforceable by operation of the single satisfaction provision").) The Motion should be denied.

Dated: New York, NY  
       April 10, 2025

Amini LLC

/s/ Jeffrey Chubak  
Avery Samet  
Jeffrey Chubak  
Amini LLC  
131 West 35th Street  
12th Floor  
New York, NY 10001  
(212) 490-4700  
asamet@aminillc.com  
jchubak@aminillc.com  
Attorneys for Plaintiff-Appellee

**CERTIFICATION**

I certify under penalty of perjury that the foregoing document has 657 words as calculated using the word-count feature of the word-processing program used to prepare the same, and so complies with FRBP 8013(f)(3)(A).  Executed this 10th day of April, 2025.

/s/ Jeffrey Chubak