UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TRANSCARE CORPORATION, *et al.*,<br>         Debtors.<br><br>---<br><br>SALVATORE LAMONICA, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation, *et al.*,<br>         Plaintiffs,<br>v.<br>LYNN TILTON, *et al.*,<br>         Defendants. | 1:25-cv-01691-PAE<br><br>Hon. Paul A. Engelmayer<br><br>Bankr. Case No. 16-10407-DSJ<br><br>Adv. Proc. No. 18-AP-01021-DSJ |

**REPLY OF PATRIARCH PARTNERS AGENCY SERVICES LLC IN SUPPORT OF ITS MOTION FOR CERTIFICATION OF DIRECT APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT UNDER 28 U.S.C. § 158(d)(2)**

Under 28 U.S.C. § 158(d)(2), Patriarch Partners Agency Services LLC ("PPAS") seeks direct certification to the Second Circuit of its legal challenge to the Bankruptcy Court's refusal to apply the Bankruptcy Code's single-satisfaction rule, 11 U.S.C. § 550(d), to the Trustee's request for fraudulent transfer attorneys' fees. The Trustee resists direct certification on the ground that the relevant "issue on appeal" "is addressed by controlling authority." Opp. at 1–2. Yet, the only cases that the Trustee cites as "controlling" do not even mention § 550(d). *See West Virginia v. United States*, 479 U.S. 305, 307 (1987) (analyzing whether the United States can recover "site preparation costs plus prejudgment interest" under the Disaster Relief Act of 1970); *Atlanta Shipping Corp., Inc. v. Chem. Bank*, 818 F.2d 240, 243 (2d Cir. 1987) (analyzing whether "admiralty jurisdiction is available to consider an equitable claim to set aside a transfer to a creditor allegedly made to frustrate payment of a maritime debt"). The absence of any *actual* "controlling decision" means

that this Court "shall" certify the question presented to the Second Circuit, 28 U.S.C. § 158(d)(2), which can either "accept or decline the direct appeal" in its sole discretion, *Weber v. United States*, 484 F.3d 154, 157 (2d Cir. 2007); *see also* 1 Collier on Bankruptcy ¶ 5.06[4][e] (16th ed. 2025).

Rather than offer a "controlling decision," the Trustee advances a new merits position, arguing that non-avoidance causes of action evade § 550(d)'s sweep if they are "in addition to underlying fraudulent conveyance liability." Opp. at 2 (citing *Atlanta Shipping Corp.*, 818 F.2d at 240). That position is foreclosed by the law of the case, as the Second Circuit, this Court, and the Bankruptcy Court all previously recognized that § 550(d)'s single-satisfaction rule applies to the Trustee's fiduciary duty claim against Ms. Lynn Tilton, even though that claim is legally distinct from PPAS's "underlying fraudulent conveyance liability." Opp. at 2; *see In re TransCare Corp.*, 81 F.4th 37, 48 (2d Cir. 2023); *In re TransCare Corp.*, 2021 WL 4459733, at *20 (S.D.N.Y. Sept. 29, 2021); *In re TransCare Corp.*, 2020 WL 8021060, at *32 (Bankr. S.D.N.Y. July 6, 2020). If separate *non-avoidance* claims are subject to § 550(d)'s statutory limit, then so too is the Trustee's claim for attorneys' fees, which is "derivative of an *actual* fraudulent transfer claim" and serves to make the Trustee whole for the same underlying injury. *In re Dreier LLP*, 462 B.R. 474, 494 (Bankr. S.D.N.Y. 2011) (citing New York's Debtor and Creditor Law § 276-a) (emphasis added). Regardless, the Second Circuit has foreclosed the Trustee's "ancillary obligation" argument. *See Kelco Disposal, Inc. v. Browning-Ferris Indus. of Vt., Inc.*, 845 F.2d 404, 410–11 (2d Cir. 1988).

After full briefing, an extensive hearing, and supplemental submissions, the Bankruptcy Court acknowledged the lack of precedent "where the recovery of statutory interest from another judgment obligor meant that a separate fee award against a different party became unenforceable by operation of the single-satisfaction provision" in § 550. *In re TransCare Corp.*, Adv. Proc. No. 18-01021 (DSJ) (Bankr. S.D.N.Y. Feb. 5, 2025), ECF No. 190, at 11. According to the Trustee,

"[w]hat the Bankruptcy Court actually found was zero authority to support PPAS's position." Opp. at 3. But there also is zero authority supporting *the Trustee's* position. That is why the certification provision was added to the Bankruptcy Code. *See Weber*, 484 F.3d at 158 ("Legislative history confirms that Congress intended § [158(d)(2)(A)] to facilitate our provision of guidance on pure questions of law. Among the reasons for the direct appeal amendment [in the Bankruptcy Abuse Prevention and Consumer Protection Act] was widespread unhappiness at the paucity of settled bankruptcy-law precedent."). PPAS's certification motion should be granted.

Dated: April 17, 2025
       New York, New York

Respectfully submitted,

  */s/ Ronit Berkovich*
Ronit Berkovich
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Mark A. Perry*
Christopher Conrad*
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, D.C. 20036
Telephone: (202) 682-7248
Facsimile: (202) 857-0940

* *Admission Applications Pending*

*Attorneys for Defendant–Appellant Patriarch Partners Agency Services, LLC*

## **CERTIFICATION**

      I certify under penalty of perjury that the foregoing document has 616 words as calculated using the word-count feature of the word-processing program used to prepare the same, and so complies with Federal Rule of Bankruptcy Procedure 8013(f)(3)(A).  Executed this 17th day of April, 2025.