**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>

In re:

TRANSCARE CORPORATION, *et al*.,

                    Debtors.

---

SALVATORE LAMONICA, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation, *et al*.,

                    Plaintiffs,

v.

LYNN TILTON, *et al*.,

                    Defendants.

</td><td>

1:25-cv-01691-PAE

Hon. Paul A. Engelmayer

Bankr. Case No. 16-10407-DSJ

Adv. Proc. No. 18-AP-01021-DSJ

</td></tr>
</table>

**MOTION OF PATRIARCH PARTNERS AGENCY SERVICES LLC**
**TO STAY BRIEFING SCHEDULE PENDING RESOLUTION OF ITS**
**MOTION FOR DIRECT CERTIFICATION UNDER 28 U.S.C. § 158(d)(2)**

Patriarch Partners Agency Services LLC ("PPAS") respectfully requests a stay of further briefing in this Court pending resolution of PPAS's motion for direct certification under 28 U.S.C. § 158(d)(2), which could divest this Court of appellate jurisdiction. In support thereof, PPAS states as follows:

1.      On April 4, 2025, PPAS filed with this Court a motion for direct certification under 28 U.S.C. § 158(d)(2), seeking authorization to petition the Second Circuit for direct appeal of its legal challenge to the Bankruptcy Court's refusal to apply the Bankruptcy Code's single-satisfaction rule, 11 U.S.C. § 550(d), to the Trustee's request for fraudulent transfer attorneys' fees. *See* ECF No. 4. The Trustee filed his opposition on April 10, 2025, ECF No. 5, and PPAS filed its reply on April 17, 2025, ECF No. 7. PPAS's motion for direct certification is ripe for resolution.

2.      The Clerk's Office subsequently issued its Notice of Record of Appeal Availability on May 8, 2025, ECF No. 9, commencing PPAS's 30-day deadline to submit its opening brief in this Court.  *See* Fed. R. Bankr. P. 8018(a)(1).  Among other issues, PPAS's brief will address the legal question presented in PPAS's § 158(d)(2) motion for direct certification.

3.      In the event this Court grants PPAS's motion for direct certification, that ruling will obviate the immediate need for appellate briefing.  The case will proceed to the Second Circuit, which will resolve PPAS's petition for direct appeal.  If the Second Circuit accepts direct certification, it will rule on a potentially case-dispositive legal issue of first impression under the Bankruptcy Code.  *See Weber v. United States*, 484 F.3d 154, 157 (2d Cir. 2007) ("Congress intended § [158(d)(2)(A)] to facilitate our provision of guidance on pure questions of law.  Among the reasons for the direct appeal amendment [in the Bankruptcy Abuse Prevention and Consumer Protection Act] was widespread unhappiness at the paucity of settled bankruptcy-law precedent.").

4.      To conserve judicial and party resources that may be expended needlessly by the briefing of issues other than the pure legal question presented in PPAS's § 158(d)(2) motion for direct certification, PPAS respectfully requests a stay of the briefing schedule in this Court pending resolution of PPAS's motion.  In the event the Court denies PPAS's motion, PPAS requests permission to file its opening brief within 30 days of the Court's decision—the same timeframe set forth in Federal Rule of Bankruptcy Procedure 8018(a)(1).

5.      PPAS's § 158(d)(2) motion for direct certification is likely to succeed on the merits. *Compare* 28 U.S.C. § 158(d)(2)(i) (providing that a district court "shall" certify a direct appeal of a bankruptcy court's final order to the "appropriate court of appeals" if "the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States"), *with* ECF No. 4 at 6–8 (detailing the

lack of controlling precedent, as acknowledged by the Bankruptcy Court), *and* ECF No. 7 at 2–3 (same).

6.      A stay of the briefing schedule is in the interest of justice and is within this Court's inherent power to manage its docket.  *See, e.g.*, *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). There is no reason for this Court to entertain briefing on issues that stand to be mooted by a meritorious motion that is currently ripe for disposition.

7.      A stay would not result in any prejudice to the Trustee.

8.      PPAS has sought, but has not received, the Trustee's consent for a stay.  *See* Ex. A.

9.      For the foregoing reasons, PPAS respectfully requests a stay of the briefing schedule pending resolution of its § 158(d)(2) motion for direct certification.

Dated:  May 16, 2025
        New York, New York

Respectfully submitted,

*/s/ Ronit Berkovich*
Ronit Berkovich
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Mark A. Perry
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, D.C. 20036
Telephone: (202) 682-7248
Facsimile: (202) 857-0940

*Attorneys for Defendant–Appellant*
*Patriarch Partners Agency Services,*
*LLC*

## **CERTIFICATION**

I certify under penalty of perjury that the foregoing document has 670 words as calculated using the word-count feature of the word-processing program used to prepare the same, and so complies with Federal Rule of Bankruptcy Procedure 8013(f)(3)(A).  Executed this 16th day of May, 2025.